JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Henry Hull was indicted for possession of cocaine and trafficking in cocaine. Pursuant to a plea bargain, Hull pleaded guilty to possession of cocaine and the trafficking charged was dismissed. As part of the plea bargain, Hull and the prosecutor agreed upon and jointly recommended a sentence of two years' incarceration. The trial court accepted Hull's plea and imposed the agreed sentence.
Hull has appealed, raising one assignment of error, which alleges that the trial court erred in sentencing him without properly considering all relevant sentencing factors.
R.C. 2953.08(D) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is "authorized by law" as long as the prison term imposed does not exceed the maximum term authorized for the offense. See State v. Engleman (Aug. 18, 2000), 1st Dist. No. C-990845.
Hull pleaded guilty to possession of cocaine, which was punishable by two to eight years' incarceration. The two-year sentence was within the term authorized for the offense, was recommended by Hull and the prosecutor, and was imposed by the sentencing judge. Therefore, pursuant to R.C. 2953.08(D), we cannot review the sentence.
The appeal is hereby dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Painter, JJ.